IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LESTER DEE BAKER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CRAIG D. STOREY, DAVID E. WEISKOPF, and JARED ORTGIESEN,<br><br>　　　　　　Defendants. | **REPORT and RECOMMENDATION**<br><br>Case No: 1:06-cv-45 PGC<br><br>District Judge Paul G. Cassell<br><br>Magistrate Judge David Nuffer |

*Pro se* Plaintiff, Lester Dee Baker filed suit alleging that Defendants conspired to violate his civil rights under 42 U.S.C. § 1983 and engaged in a racketeering enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, *et seq*.[1] This case was referred to the magistrate judge under 28 U.S.C. § 636 (b)(1)(B).[2]

Defendants' Motion to Dismiss[3] is currently before the court. After Baker did not file a timely response to the motion, the court sent notice to all parties that it was taking the motion under advisement and would issue a ruling in five days.[4] Baker filed an objection, stating that he had not been served with the motion to dismiss.[5] Baker further explained that once he received

---

[1] Complaint at 1, docket no. 3, filed April 24, 2006.

[2] Order of Reference, docket no. 13, filed June, 20, 2006.

[3] Docket no. 11, filed June 9, 2006.

[4] Order, docket no. 15, entered July 6, 2006.

[5] Objection to Motion at 1, docket no. 16, filed July 13, 2006.

the motion, he would need thirty days to respond.[6]

Upon receiving Baker's objection, Defendants' counsel rechecked the file, and found that the letter containing the motion and memorandum had been returned as unclaimed due to a typographical error in the mailing address.[7] Counsel immediately resent the motion and memorandum to Baker at the correct address.[8]

The court waited over thirty days for Baker's response to the now properly served motion. To give Baker further notice that the court was ready to enter a ruling, it again sent notice to all parties that no response had been received and the court was taking the motion under advisement and would issue a ruling in five days.[9] As of the date of this report and recommendation, the court has not received a response from Baker.

As explained in both of the court's orders taking the motion under advisement, "[f]ailure to respond timely to a motion may result in the court's granting the motion without further notice."[10] However, in this case, the court also finds Defendants' motion is well-taken and recommends that the case be dismissed on the merits.

---

[6]*Id*. at 2.

[7]Affidavit of J. Michael Hansen at 2, docket no. 17, filed July 17, 2006.

[8]Certificate of Service, docket no. 18, filed July 17, 2006.

[9]Order, docket no. 19, entered September 11, 2006.

[10]DUCivR 7-1(d).

**Discussion**

On January 19, 2006 Baker received a traffic ticket for speeding and failing to signal.[11] After a non-jury trial in Weber County Justice Court, Justice Court Judge Craig Storey found Baker guilty and sentenced him to pay a fine or serve 15 days in jail.[12] Instead of appealing his case, and receiving a trial *de novo* in Second Judicial District Court for the State of Utah as permitted by statute,[13] Baker filed this federal civil action against Justice Court Judge Craig Storey; the prosecutor, David Weiskopf; and Jared Ortgiesen, the officer who issued the ticket and testified at trial. Defendants correctly argue that each is immune from civil liability for their actions in this case. Accordingly, this case should be dismissed.

Judge Storey Entitled to Judicial Immunity

A judge, performing judicial functions, is absolutely immune from suit.[14] The only exception is when the judge acts "in the clear absence of all jurisdiction."[15] Judges who are acting "in their judicial capacity" and performing "a function normally performed by a judge" are not acting in the absence of all jurisdiction.[16]

---

[11] Memorandum in Support of Defendants' Motion to Dismiss, Exhibit A & B, docket no. 12, filed June 9, 2006.

[12] *Id.*, Exhibit G.

[13] *See* Utah Code Ann. § 78-5-120 (2002).

[14] *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994).

[15] *Id.*

[16] *Hunt,* 17 F.3d at 1266.

Although Baker alleges that Judge Storey acted without jurisdiction, those allegations are merely conclusory and based on Baker's own interpretation of jurisdiction.[17]  Baker's claims against Judge Storey are all based upon his rulings on judicial matters in the courtroom.  Accordingly, Judge Storey is entitled to absolute judicial immunity and to the dismissal of all claims against him.

Weiskopf Entitled to Prosecutorial Immunity

"It is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities 'intimately associated with the judicial ... process,' such as initiating and pursuing criminal prosecutions."[18]  The purpose of absolute prosecutorial immunity is to allow prosecutors "the latitude to perform their [quasi-judicial] tasks absent the threat of retaliatory section 1983 litigation."[19]

All of Baker's allegations against Deputy Weber County Attorney, David Weiskopf, arise from Weiskopf's actions as a prosecutor in the initiation and pursuance of the criminal prosecution.  As such, Weiskopf is entitled to absolute prosecutorial immunity and to the dismissal of all claims against him.

Officer Ortgiesen Entitled to Qualified Immunity

Under principles of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not

---

[17]*See* Complaint at 3-5.

[18]*Pheiffer v. Hartford,* 929 F.2d 1484, 1489 (10th Cir. 1991) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976)).

[19]*Snell v. Tunnell,* 920 F.2d 673, 686-87 (10th Cir. 1990).

violate clearly established statutory or constitutional rights of which a reasonable person would have known."[20]  The qualified immunity doctrine allows for reasonable mistakes in judgment by protecting "all but the plainly incompetent or those who knowingly violate the law."[21]

When a defendant raises qualified immunity, the plaintiff has the burden to establish "(1) that the defendant's conduct violated a constitutional or statutory right, and (2) that the law governing the conduct was clearly established at the tune if the alleged violation."[22]  To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."[23]  The doctrine of qualified immunity protects the defendant from suit unless the plaintiff satisfies both parts of the test.[24]

Here, Baker has not met his burden.  The facts alleged in the complaint do not establish violations of recognized constitutional rights.  Moreover, once Ortgiesen raised qualified immunity in the motion to dismiss, Baker did not even respond in order to meet his burden to overcome the asserted immunity defense.  Consequently, the court finds that Officer Ortgiesen is entitled to qualified immunity and any claims against him should be dismissed.

---

[20]*Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

[21]*Malley v. Briggs*, 475 U.S. 335, 341 (1986).

[22]*Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir. 2004).

[23]*Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

[24]*See Eaton,* 379 F.3d at 954; *Sawyer v. County of Creek,* 908 F.2d 663, 665-66 (10th Cir. 1990).

## RECOMMENDATION

Defendants' Motion to Dismiss[25] should be granted and Baker's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation.  The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

September 22, 2006.

                                               BY THE COURT:

                                               _____
                                               David Nuffer
                                               U.S. Magistrate Judge

---

[25]Docket no. 11.